**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHRISTOPHER J. BARNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-867-D |
| | ) | |
| KELLY DAVIS, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ORDER</u>

Petitioner, Christopher J. Barnett, appearing *pro se*, sought habeas relief from a state court conviction, pursuant to 28 U.S.C. § 2254 [Doc. No. 1]. The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. No. 4].

On April 27, 2026, the magistrate judge issued a Report and Recommendation [Doc. No. 5], in which he recommends that this action be transferred to the United States District Court for the Northern District of Oklahoma. Although this Court also has jurisdiction[1], the magistrate judge recommends transfer since Petitioner is challenging a conviction from the District Court of Tulsa County, located in the Northern District of Oklahoma.

In his report, the magistrate judge explains that "the federal district courts in Oklahoma have had a longstanding policy favoring transferring habeas actions to the

---

[1] Petitioner is currently incarcerated within the Western District of Oklahoma. Under 28 U.S.C. § 2241(d), habeas petitions "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application."

district of conviction" because "in the event of any hearing, trial records, trial counsel for the prosecution and for Petitioner, as well as any necessary witnesses are more likely to be available in the district where the prosecution took place." [Doc. No. 5, at 2-3]. Accordingly, the magistrate judge concludes that justice would be better served by the adjudication of this case in the Northern District of Oklahoma. *Id.* at 2; *see also* 28 U.S.C. § 2241(d) ("The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.").

Petitioner filed an Objection [Doc. No. 8], objecting to the recommended transfer. Although the Court agrees with Petitioner that jurisdiction is proper in either district under § 2241(d), Petitioner's arguments against transfer do not convince the Court that justice would be better served if this case remained in this Court. In fact, Petitioner indicates that he has already filed a habeas petition under § 2254 in the Northern District of Oklahoma. [Doc. No. 8, at ¶ 1]. In addition to the reasons for transfer outlined in the magistrate judge's report, the Court finds that Petitioner's pending § 2254 petition in the Northern District of Oklahoma is another reason to transfer this action to that court.

For these reasons, the Court **ADOPTS** in full the magistrate judge's Report and Recommendation [Doc. No. 5]. In the interest of justice, the Court **TRANSFERS** this case to the United States District Court for the Northern District of Oklahoma for all further proceedings.

**IT IS SO ORDERED** this 26th  day of May, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE